UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                             ) | **Criminal No. 2:16-cr-63** |
| ) | |
| **ERICK ADAMS** ) | |

**MOTION TO SUPPRESS**

**WITH INCORPORATED MEMORANDUM OF LAW**

     **NOW COMES** Defendant, Erick Adams, by and through his attorney, Clifford B. Strike, and hereby respectfully requests that this Honorable Court suppress for use as evidence at trial all items seized, to include his person, by any law enforcement officials and all statements and/or confessions, written or verbal, obtained from him by any law enforcement officials, including but not limited to Agents of the Drug Enforcement Administration on July 29, 2005, and at any time thereafter, such evidence being obtained in violation of Defendant's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. In support of this motion, Defendant asserts the following:

**Statement of Facts**

1.    On December 4, 2014 Defendant was stopped by Maine State Troopers Rooney and Forbes in a rental black 2015 Chevy Equinox.

2. Agents had been tracking Defendant pursuant to a Tracking Warrant signed by Magistrate Judge John H. Rich, III on December 3, 2014.

3. Defendant was subsequently arrested for Operating without a license.

4. Trooper Rooney and his canine Howie conducted a drug sniff of the vehicle and the K-9 alerted on the passenger compartment of the vehicle.

5. Trooper Forbes and his canine Champ conducted a secondary sniff and Champ also alerted on the passenger compartment.

6. Agent Randall Medeiros of Maine Drug Enforcement Agency and Biddeford, Maine Police Department searched the passenger compartment but did not find any contraband. However, five cellular phones were found.

7. The Chevy Equinox was towed to the Maine State Police barracks and secured with the five cellular phones inside of the vehicle.

## MEMORANDUM OF LAW

**1.   Seizure of Five Cellular Phones**

The Fourth Amendment to the U.S. Constitution protects persons from unreasonable searches and seizures, and it requires that there be probable cause before any search or seizure is performed.  U.S. Const. Amend. IV. The Fourth Amendment protection against unreasonable searches and seizures applies to the states through the Fourteenth Amendment to the U.S. Constitution.  *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691, 6 L. Ed. 2d 1081, 1090 (1961). "On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." *Carroll v. United States*, 267 U.S. 132, 149 (1925).

Upon arresting any individual, law enforcement officials are authorized to "search [] the arrestee's person and the area 'within his immediate control'--construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Chimel v. California,* 395 U.S. 752, 763 (1969).   When Agents "have probable cause to believe that a container holds contraband or evidence of a crime, but have not secured a warrant, the Court has

interpreted the Amendment to permit seizure of the property, pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present." U.S. v. Place, 103 S.Ct. 2637, 2641, 462 U.S. 696, 701 (U.S.,1983). In this case, officers had lacked the probable cause necessary to seize the cellular phones. There was no evidence that they could be a weapon or could hold contraband or evidence of the crime being committed. The officers lacked the facts to argue that *Chimel* would apply. Defendant was no longer in the vehicle and had no control over the area.

## II. Fruits of the Poisonous Tree Must be Excluded.

Under the fruit of the poisonous tree doctrine, "evidence obtained directly or indirectly from a violation of the Fourth Amendment is not admissible against an accused at trial." *United States v. Bienvenue*, 632 F.2d 910, 913 (1st Cir. 1980) (citing *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963)). Based on the testimony of the Government's witness at Defendant's probable cause hearing, information derived from the illegal seizure of Defendant Adam's phone was used to further the investigation against Defendant and resulted in his eventual arrest. Accordingly all evidence, either direct or indirect, obtained following the illegal seizure of the five cellular phones is inadmissible against Defendant Adams at trial or any other proceeding in this case

**WHEREFORE**, for the above cited reasons and any and all reasons cited by any other Defendant in this matter, Defendant Adams requests that any and all evidence collected as a result of the search warrant authorized and executed on five seized cellular phones.

Dated:  July 22, 2016	Respectfully submitted,

   /s/ Clifford B. Strike
Clifford B. Strike, Esq.
Attorney for Defendant
Strike, Gonzales and Butler Bailey
Attorneys and Counselors at Law
400 Allen Avenue
Portland, ME  04103-3715
(207) 878-5519

4

## CERTIFICATE OF SERVICE

I, Clifford B. Strike, attorney for Erick Adams, hereby certify that I have served, electronically, a copy of the above "MOTION TO SUPPRESS and INCORPORATED MEMORANDUM" upon Benjamin Block, Assistant United States Attorney, United States Attorney's Office, 100 Middle Street, 6th Floor, East Tower, Portland, Maine, 04101, via the ECF system.

Dated:  July 22, 2016                    ___/s/ Clifford B. Strike_____

                                                        Clifford B. Strike, Esq.
                                                        Attorney for Defendant
                                                        Strike, Gonzales and Butler Bailey
                                                        Attorneys and Counselors at Law
                                                        400 Allen Avenue
                                                        Portland, ME  04103-3715
                                                        (207) 878-5519